# WOLF POPPER

Chet B. Waldman
Wolf Popper LLP
845 Third Avenue
New York, NY 10022
212-451-9624
cwaldman@wolfpopper.com
wolfpopper.com

March 10, 2025

**VIA ECF**

Hon. Colleen McMahon
United States District Court for Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 24A, Chambers Room 2550
New York, NY 10007-1312

Re:   *Carnahan v. Baton Corp. Ltd. d/b/a Pump.Fun et al.*, No. 1:25-cv-00490 (CM) (BCM) (S.D.N.Y.), *Aguilar v. Baton Corp. Ltd. d/b/a Pump.Fun et al.*, No. 1:25-cv-00880 (CM) (BCM) (S.D.N.Y.)

Dear Judge McMahon:

MEMO ENDORSED

[Handwritten annotations: "3/11/2025 This case is governed by special rules applicable to the PSLRA, it should not have been scheduled for a conference. Please follow the statute. CM."]

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 3/12/2025]

We represent Plaintiffs Kendall Carnahan and Diego Aguilar in the above captioned matters. Pursuant to Southern District of New York Local Rule 7.1(e) and Your Honor's Individual Practices and Procedures ("Individual Rules"), we respectfully make this Letter Motion to (1) Request an Adjournment of the Conferences Scheduled for April 10, 2025 and the Requirement to Meet and Confer and Submit Civil Case Management Plans *Sine Die* in both cases, and (2) Set/Reset the Lead Plaintiff Motion Deadline in *Carnahan* From March 18, 2025 to the Lead Plaintiff Motion Deadline in *Aguilar* of April 2, 2025

Background

These two matters are securities class actions. In summary, the complaints allege that Defendant Baton Corporation Ltd. ("Baton") owns, controls, and does business as the website Pump.Fun, through which it sold or solicited the sale of unregistered memecoin and/or token securities. *See, e.g., Carnahan* ECF No. 1, ¶ 4; *Aguilar* ECF No. 1, ¶ 5. Both actions allege violations of Sections 5 and 12(a)(1) of the Securities Act of 1933 ("1933 Act"), 15 U.S.C. §§ 77e and 77l(a)(1), against Baton for Baton's alleged sale and solicitation of the sale of unregistered securities. Both actions also allege violations of Section 15 of the 1933 Act, 15 U.S.C. § 77o, against Defendants Alon Cohen, Dylan Kerler, and Noah Bernhard Hugo Tweedale as control persons of Baton. *Carnahan* ECF No. 1, ¶¶ 104-119; *Aguilar* ECF No. 1, ¶¶ 136-151.

The matters differ in that *Carnahan* alleges claims on behalf of a proposed class of persons who purchased a single unregistered security (the $PNUT Token), and *Aguilar* alleges claims on behalf of all persons who purchased any unregistered securities that Pump.Fun sold or for which Pump.Fun solicited the sale. *Compare Carnahan* ECF No. 1, ¶¶ 1, 96 and *Aguilar* ECF No. 1, ¶¶ 1, 128. The proposed *Aguilar* class includes the proposed *Carnahan* class.

As securities class actions, these matters are governed by the terms of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 77z-1 *et seq*, including the lead plaintiff provisions. *See* 15 U.S.C. § 77z-1(a)(3). The complaint in *Carnahan* was filed on January 16, 2025. The PSLRA required notice of pendency of *Carnahan* was issued on January 17, 2025.[1] The

---

[1] https://www.accessnewswire.com/newsroom/en/business-and-professional-services/pnut-investors-notice-wolf-popper-llp-and-burwick-law-announce-th-970276.

# WOLFPOPPER

60-day deadline set by the PSLRA to seek appointment as lead plaintiff in *Carnahan* is March 18, 2025. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i). The complaint in *Aguilar* was filed on January 30, 2025. The PSLRA required notice of pendency of *Aguilar* was issued on February 1, 2025.[2] The 60-day deadline set by the PSLRA to seek appointment as lead plaintiff in *Aguilar* is April 2, 2025. *See id*; *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, No. 05 Civ. 1898 (SAS), 2005 U.S. Dist. LEXIS 10780, at *8-9 (S.D.N.Y. June 1, 2005) (requiring republication of PSLRA notice and new lead plaintiff motions when an amended complaint added new securities to the class definition and expanded the class period because "[a]llowing plaintiffs in this case to proceed without publishing a new notice reflecting their additional claims would potentially exclude qualified movants from the lead plaintiff selection process.").

<u>Motion to Request an Adjournment of the Conferences Scheduled for April 10, 2025 and the Requirement to Meet and Confer and Submit Civil Case Management Plans *Sine Die*</u>

Plaintiffs request that the Court adjourn the conferences scheduled for April 10, 2025 and the requirement to meet and confer and submit Civil Case Management Plans *sine die* in both cases for two reasons. First, all Defendants are believed to be residents and/or citizens of foreign countries. *See Carnahan* ECF No. 1, ¶¶ 13-17 and ECF Nos. 7-10; *Aguilar* ECF No. 1, ¶¶ 14-18 and ECF Nos. 9-12. Plaintiffs have taken steps to effectuate service of process on the defendants in foreign countries pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention"). However, service has not yet been effected. As such, Plaintiff's Counsel respectfully submits that at this time it is not possible to meet and confer with the Defendants concerning Civil Case Management Plans.

Second, these matters are securities class actions subject to the provisions of the PSLRA, including the lead plaintiff provisions discussed above and the stay of discovery during the pendency of a motion to dismiss (15 U.S.C. §77z-1(b)(1)). Plaintiffs respectfully submit that due to these provisions, the conferences and the requirements to meet and confer and submit Civil Case Management Plans should be adjourned. It is unknown at this time whether any Defendants will move to dismiss. Further, Plaintiffs respectfully submit that it is the Court-appointed lead plaintiffs that should conduct any meet and confer conferences and negotiate Civil Case Management Plans. *See, e.g., Cook v. Allergan PLC*, No. 18-cv-12089-CM (S.D.N.Y. Feb. 7, 2019) (initial conference adjourned under similar PSLRA circumstances); Individual Rule IV.M.

For these reasons, Plaintiffs respectfully request that the Court adjourn the conferences scheduled for April 10, 2025 in these matters and the requirement to meet and confer and submit Civil Case Management Plans *sine die*.

Pursuant to Your Honor's Individual Rule I.D.2:

- <u>The original deadline that the party wishes to adjourn or extend</u>: The conferences scheduled for April 10, 2025 and the requirement to meet and confer and submit Civil Case Management Plans in both matters.

- <u>The number of previous requests for adjournment or extension</u>: None.

---

[2] https://www.accessnewswire.com/newsroom/en/business-and-professional-services/pumpfun-token-purchase-notice-wolf-popper-llp-and-burwick-law-ann-978081.

WOLFPOPPER

- <u>Whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent</u>: Service on Defendants pursuant to the Hague Service Convention has not been completed and counsel to Defendants have not appeared.

- <u>Whether the requested adjournment or extension affects any other scheduled dates</u>: The requested adjournment or extension does not affect any other scheduled dates.

<u>Motion to Set/Reset the Lead Plaintiff Motion Deadline in *Carnahan* From March 18, 2025 to the Lead Plaintiff Motion Deadline in *Aguilar* of April 2, 2025</u>

These matters concern similar allegations. However, the matters are alleged on behalf of different proposed classes of security purchasers. The claims in *Carnahan* are alleged on behalf of a proposed class of persons who purchased the $PNUT Token. The claims in *Aguilar* are alleged on behalf of a proposed class of persons who purchased any unregistered memecoin or token securities that Pump.Fun sold or for which Pump.Fun solicited the sale, which includes purchasers of $PNUT Tokens (the proposed *Carnahan* class). The matters were filed on different days, the PSLRA notices of pendency were issued approximately 2 weeks apart, and as such the matters have PSLRA deadlines to seek appointment as lead plaintiff approximately two weeks apart: March 18, 2025 for *Carnahan* and April 2, 2025 for *Aguilar*.

Plaintiffs respectfully submit that the Court should issue an order setting the deadline to move for appointment as lead plaintiff in *Carnahan* as April 2, 2025, the deadline to seek appointment as lead plaintiff in the broader proposed *Aguilar* class. This will allow members of the broadest class definition to seek appointment as lead plaintiff in one or both cases, and/or file motions to consolidate the matters, at the same time. Judicial economy will also be served by having the lead plaintiff and/or consolidation motions heard on the same schedule.

If the Court grants this motion, Plaintiffs' counsel will issue an updated PSLRA notice advising the proposed class in *Carnahan* of the new PSLRA lead plaintiff motion deadline.

Pursuant to Your Honor's Individual Rule I.D.2:

- <u>The original deadline that the party wishes to adjourn or extend</u>: The PSLRA lead plaintiff motion deadline of March 18, 2025 for the *Carnahan* matter.

- <u>The number of previous requests for adjournment or extension</u>: None.

- <u>Whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent</u>: Service on Defendants pursuant to the Hague Service Convention has not been completed and counsel to Defendants have not appeared.

- <u>Whether the requested adjournment or extension affects any other scheduled dates</u>: The requested adjournment would impact the schedule for lead plaintiff briefing in *Carnahan*. If the request is granted, and pursuant to Your Honor's Individual Rule IV.M, oppositions to lead plaintiff motions in both *Carnahan* and *Aguilar* will be due 14 days after April 2, 2025, or April 16, 2025.

**WOLFPOPPER**

Thank you for your attention to these matters.

                         Respectfully,

                         */s/ Chet B. Waldman*

                         Chet B. Waldman