**brownrudnick**

STEPHEN D. PALLEY
SPalley@brownrudnick.com

April 7, 2025

**VIA CM/ECF**
Hon. Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

RE:   *Carnahan v. Baton Corp., Ltd. et. al* 1:25-cv-00490-CM-BCM (S.D.N.Y.); *Aguilar v. Baton Corp., Ltd., et. al* 1:25-cv-00880-CM-BCM (S.D.N.Y.)

Dear Judge McMahon,

Undersigned counsel separately represent Plaintiff Kendall Carnahan, Plaintiff Diego Aguilar, Movant Michael Okafor, Movant Aaron Kvenild (collectively, "Plaintiffs"), and Defendants Baton Corporation, Ltd., Alon Cohen, Dylan Kerler, and Noah Bernhard Hugo Tweedale (collectively, "Defendants," and with Plaintiffs, the "Parties") in the two associated, overlapping, above-captioned putative federal securities class actions filed before Your Honor ("*Carnahan*" and "*Aguilar*"). We write jointly, pursuant to Rules I.D and V.H of Your Honor's Individual Practices and Procedures to respectfully request an extension of time for Defendants to respond to the complaints filed in these actions, and to bring one scheduling matter to the Court's attention.

**I.   Letter Motion to Extend Defendants' Deadline to Respond to the Complaints**

On January 16, 2025, Plaintiff Kendall Carnahan initiated the *Carnahan* action by filing his complaint (ECF No. 1), which alleges claims for violations of Sections 5 and 12(a) of the Securities Act against Defendant Baton Corporation Ltd. ("Baton"), which is alleged to own, control, and do business as the website Pump.Fun, on behalf of a proposed class of persons who purchased an alleged unregistered security named "PNUT" as well as claims for violations of Section 15 of the Securities Act against Defendants Cohen, Kerler and Tweedale as control persons of Baton. On January 30, 2025, Plaintiff Diego Aguilar initiated the *Aguilar* action by filing his complaint (ECF No. 1), which *also* alleges claims for violations of Sections 5, 12(a), and 15 of the Securities Act on the same basis on behalf of a proposed class of all persons who purchased any alleged unregistered securities that Pump.Fun sold or for which Pump.Fun solicited the sale. Plaintiffs Carnahan and Aguilar are represented by the undersigned counsel from Wolf Popper LLP and Burwick Law, PLLC. Plaintiffs' counsel recognize that the two matters "concern similar allegations" and that the claims alleged on behalf of the putative *Aguilar* class includes those filed on behalf of the putative *Carnahan* class. *See Carnahan* ECF No. 12 at 3; *Aguilar* ECF No 13 at 3.

On March 18, 2025, Aaron Kvenild moved for appointment as lead plaintiff in *Carnahan* (*Carnahan* ECF Nos. 14-16) pursuant to the Private Securities Litigation Reform Act ("PSLRA"),



Hon. Colleen McMahon
April 7, 2025
Page 2

15 U.S.C. § 77z-1(a)(3). No other member of the *Carnahan* class moved for appointment as lead plaintiff in *Carnahan*. On April 2, 2025, Michael Okafor moved for appointment as lead plaintiff in *Aguilar* (*Aguilar* ECF Nos. 15-17) pursuant to the PSLRA. No other member of the *Aguilar* class moved for appointment as lead plaintiff in *Aguilar*. Movants Kvenild and Okafor are also represented by the undersigned counsel from Wolf Popper and Burwick Law. No motion to consolidate the matters has yet been filed. Plaintiffs' counsel anticipates that once the Court issues orders appointing lead plaintiffs in *Carnahan* and *Aguilar*, the lead plaintiffs will discuss consolidation with each other and Defendants' counsel, and either file separate amended complaints (or designate operative complaints), or file a consolidated complaint.

Defendant Baton is a private limited company organized under the laws of the United Kingdom. Plaintiffs' counsel has represented that copies of the summonses and complaints in *Carnahan* and *Aguilar* were served on all Defendants on March 18, 2025 by delivering the summonses and complaints to Baton's corporate address. Plaintiffs' counsel has also represented that they will be filing a Rule 4(l)(2)(B) Notice of Service Pursuant to Rule (4)(f)(2)(A) shortly, and Plaintiffs' position is that under United Kingdom civil procedure rules, the summonses and complaints were deemed served on Defendant Baton on March 19, 2025, and on the other Defendants on March 18, 2025. The undersigned counsel for Defendants, on behalf of Defendants, does not contest that service was properly effected on Defendant Baton on March 19, 2025 and on Defendants Cohen, Kerler, and Tweedale on March 18, 2025, and waives on behalf of all Defendants the defenses of insufficient process and insufficient service of process and the ability to move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(4) or 12(b)(5). Defendants expressly preserve all other potential defenses and objections in both litigations, including specifically arguments as to jurisdiction and venue.

Accordingly, Defendants Cohen, Kerler, and Tweedale's current deadline to respond to the complaints is Tuesday, April 8, 2025, and Defendant Baton's deadline to respond to the complaints is Wednesday, April 9, 2025. Undersigned Defendants' counsel from Brown Rudnick were not formally retained by Defendants until today, April 7, 2025, and have not yet had an opportunity to confirm with Defendants how they wish to proceed in responding to the complaints. That said, Brown Rudnick currently expects to file motions to dismiss all claims in both matters on behalf of all Defendants but is not yet in a position to do so.

In light of (1) the pending motions for the appointment of lead plaintiffs; (2) the likelihood that the appointed lead plaintiffs will file amended complaints (or designate operative complaints) or a new, consolidated operative complaint; (3) the need for Defendants and their counsel to get up to speed on this matter and prepare their defense; (4) the interests of judicial economy in not requiring motion practice with respect to non-operative complaints; and (5) Rule IV.M of Your Honor's Individual Practices and Procedures, which states that as part of ruling on a motion for lead plaintiff and lead counsel under the PSLRA that "the court will set a schedule for the filing [of] a consolidated amended complaint and the making of motions to dismiss. The parties should not bother negotiating a schedule for these matters; the court will set the schedule," the Parties jointly and respectfully request that the Court adjourn the deadline for Defendants to respond to the complaints *sine die* until the Court issues a schedule for amended or consolidated complaints and responses thereto in each of the lead plaintiff orders.



Hon. Colleen McMahon
April 7, 2025
Page 3

In accordance with Section I.D.2 of Your Honor's Individual Practices and Procedures the Parties further state the following:

- The original deadlines for Defendants' responses to the *Carnahan* and *Aguilar* complaints that Defendants wish to extend are Tuesday, April 8, 2025 and Wednesday, April 9, 2025.
- There have been no previous requests for extensions of these deadlines.
- All parties consent to the extensions.
- Granting the requested extensions does not affect any other scheduled dates.

Defendants' counsel recognize that the Court's Individual Practices and Procedures require that requests for extensions be filed two days prior to the deadline sought to be extended, and that two days prior to April 8, 2025, was Sunday April 6, 2025. Defendants' counsel endeavored to file this request by April 6, 2025, and first contacted and conferred with Plaintiffs' counsel about this request on Friday April 4, 2025; however, due to a delay in the receipt of the documents served on Defendants' corporate address, Defendants' counsel was not authorized to file the instant letter motion earlier than today, Monday April 7, 2025. Defendants and their counsel apologize for their inability to comply with this deadline.

## II.     Clarification Regarding April 10, 2025, Initial Pretrial Conference

The Parties also wish to bring one additional matter to the Court's attention. Although the Court issued orders terminating Plaintiffs' letter motions to adjourn the conferences scheduled for April 10, 2025 (*see* Carnahan ECF No. 13 and *Aguilar* ECF No. 14), and stated in those orders that "[t]his case is governed by special rules applicable to PSLRA, it should not have been scheduled for a conference," the conferences appear to remain on the Court's calendar, as reflected on the Southern District of New York's Civil & Criminal Proceedings Calendar for the Week of April 7, 2025.[1] The Parties jointly agree that these conferences are not necessary at this time, as set forth in Rule IV.M of Your Honor's Individual Practices and Procedures, and can be adjourned, and they may have remained on calendar in error.

The Parties and their counsel thank the Court for its consideration of this matter.

Respectfully submitted,

| | |
|---|---|
| */s/ Stephen D. Palley* | */s/ Joshua W. Ruthizer* |
| Stephen D. Palley | Joshua W. Ruthizer |
| Daniel L. Sachs | **WOLF POPPER LLP** |
| **BROWN RUDNICK LLP** | 845 Third Ave., |
| 1900 N Street NW, 4th Floor | New York, NY 10022 |
| Washington D.C. 20036 | Tel:  (212) 451-9668 |
| Tel: (202) 536-1766 | jruthizer@wolfpopper.com |
| spalley@brownrudnick.com | |
| dsachs@brownrudnick.com | Max Burwick |
| | **BURWICK LAW, PLLC** |
| *Counsel for Defendants* | 43 West 43rd Street, Suite 114 |

---

[1] https://www.nysd.uscourts.gov/sites/default/files/2025-04/Proceedings%204.7.2025.%20xlsb.pdf.



Hon. Colleen McMahon
April 7, 2025
Page 4

New York, NY 10036
Tel: (646) 762-1080
max@burwick.law

*Counsel for Plaintiffs*