UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENDALL CARNAHAN,<br><br>                      Plaintiff,<br><br>                      v.<br><br>BATON CORPORATION LTD, d/b/a PUMP.FUN, ALON COHEN, DYLAN KERLER, and NOAH BERNHARD HUGO TWEEDALE,<br><br>                      Defendants. | Case No. 1:25-cv-00490-CM-BCM<br><br>**FEDERAL RULE OF CIVIL PROCEDURE 4(l)(2)(B) NOTICE OF SERVICE ON DEFENDANTS PURSUANT TO RULE (4)(f)(2)(A)** |

1.      Plaintiff Kendall Carnahan ("Plaintiff"), by and through his undersigned counsel, hereby files the attached proof of service on defendants Baton Corporation Ltd, d/b/a Pump.Fun, Alon Cohen, Dylan Kerler, and Noah Bernhard Hugo Tweedale ("Defendants") pursuant to Federal Rule of Civil Procedure 4(l)(2)(B).

2.      Plaintiff, by and through his undersigned counsel, has filed this securities class action on behalf of a Class of all purchasers of PNUT Tokens since October 31, 2024 against the Defendants alleging, among other things, that (a) the PNUT Tokens are securities, as defined by Section 2(1) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77b(a)(1); (b) that a U.S. Securities and Exchange Commission ("SEC") required registration statement was never filed for PNUT Tokens; (c) that defendant Baton Corporation Ltd. ("Baton") owns, operates, and/or controls Pump.Fun and was a "statutory seller" of the PNUT Tokens and violated Sections 5 and 12(a)(1) of the Securities Act, 15 U.S.C. §§ 77e, 77l(a)(1), by selling, passing title, or soliciting the purchase of, PNUT Tokens to the Class, and (d) Defendants Alon Cohen, Dylan Kerler, and Noah Bernhard Hugo Tweedale (collectively, the "Individual Defendants") were control person of Baton Corporation and violated Section 15 of the Securities Act, 15 U.S.C. § 77o.

3.      Defendant Baton is a private limited company organized under the laws of the United Kingdom. The Individual Defendants are officers and directors of Baton and reside outside the United States.

4.      Plaintiff effected service on Defendants pursuant to Federal Rule of Civil Procedure 4(f)(2)(A), which provides that: "Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:…if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction."

5.      Plaintiff's Counsel retained the law firm of Addleshaw Goddard LLP to assist in service of a summons and Complaint in the Action on the Defendants in the United Kingdom. Attached to this Declaration as **Exhibit A** is the Declaration of Paul Ferguson in Support of Plaintiff's Proof of Service. Mr. Ferguson is a partner of Addleshaw Goddard.

6.      The United States and the United Kingdom are both signatories to The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). A true and accurate copy of the Hague Convention is attached to the Declaration of Paul Ferguson (Ex. A) as Exhibit 1.

7.      Article 10(c) of the Hague Convention states that: "provided the State of destination does not object, the present Convention shall not interfere with . . . the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials, or other competent person of the State of destination."

8. The United Kingdom, which is the "State of destination" in this matter, has not objected to interested persons effecting service directly through the judicial officers, officials, or other competent persons of the State of destination. In the United Kingdom, a solicitor admitted to practice in the jurisdiction falls within the definition of "competent person" under Article 10(c) of The Hague Convention, and a solicitor may retain a licensed process server to effect service. Ex. A (Ferguson Decl.) ¶ 5.

9. As reflected in the information provided by Companies House (the United Kingdom's public Registrar of Companies), Defendant Baton's registered office address is 82a James Carter Road, Mildenhall, Bury St. Edmunds, England, IP28 7DE, United Kingdom, and the registered correspondence address for each Individual Defendant is the same address. *See* Ex. A (Ferguson Decl.) ¶ 8 and Ex. 2.

10. The United Kingdom's Civil Procedure Rules allow for legal service of process may be made on a company registered in England and Wales, such as Baton, by delivering the relevant documents to the "principal office of the company; or any place of business of the company within the jurisdiction which has a real connection with the claim". The United Kingdom's Civil Procedure Rules and Section 1140 of the Companies Act 2006 allow for legal service of process to be made on the director of a company, such as Defendants Alon Cohen, Dylan Kerler, and Noah Bernhard Hugo Tweedale, by leaving the relevant documents at, or sending the relevant documents by post to, the director's registered address. Ex. A (Ferguson Decl.) ¶¶ 9-10 and Exs. 3-4.

11. Addleshaw Goddard retained Tremark Associates Ltd, 1 Quality Court, London, WC2A 1HR, to perform the physical delivery of the summons and Complaint. Ex. A (Ferguson Decl.) ¶¶ 6-7.

12. On March 18, 2025, Barry Parker, a process server agent of Tremark Associates Ltd, served the summons and Complaint on all Defendants at 82a James Carter Road, Mildenhall, Bury St. Edmunds, England, IP28 7DE, United Kingdom by delivering all of the documents to that address. Ex. A (Ferguson Decl.) ¶ 11. A copy of Mr. Parker's Certification of Service is attached as Exhibit 5 to the Ferguson Declaration.

13. Pursuant to the United Kingdom's Civil Procedure Rules and Section 1140 of the Companies Act 2006, the Summons and Complaint were deemed served on Baton on March 19, 2025 and on the Individual Defendants on March 18, 2025. Ex. A (Ferguson Decl.) ¶¶ 13-15.

14. Given that the Defendants are foreign defendants who were served in accordance with (i) Federal Rule of Civil Procedure 4(f)(2)(A) and (ii) Article 10(c) of The Hague Convention, Plaintiff must satisfy its obligation to file proof of service on the Defendants pursuant to Federal Rule of Civil Procedure 4(l)(2)(B).

15. Federal Rule of Civil Procedure 4(l)(2)(B), by its terms, enables plaintiffs to prove service made outside the United States "if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons, complaint, Initial Order, any addendum to that order, and any other order directed by the court to the parties at the time of filing were delivered to the addressee."

16. Consequently, the Declaration of Paul Ferguson (Exhibit A to this Declaration) and the Certification of Service of Barry Parker (Exhibit 5 to the Ferguson Declaration) evidencing service on Defendant Baton at its registered office address and the Individual Defendants at their registered correspondence address constitutes acceptable proof of service under Federal Rule of Civil Procedure 4(l)(2)(B).

Dated: April 8, 2025                                   Respectfully submitted,
 New York, NY

**WOLF POPPER LLP**

*/s/ Joshua W. Ruthizer*
Chet B. Waldman
cwaldman@wolfpopper.com
Joshua W. Ruthizer
jruthizer@wolfpopper.com
Matthew Insley-Pruitt
minsley-pruitt@wolfpopper.com
Terrence Zhang
tzhang@wolfpopper.com
845 Third Avenue, 12th Floor
New York, New York 10022
Telephone: (212) 759-4600

Max Burwick
max@burwick.law
BURWICK LAW, PLLC
43 West 43rd Street, Suite 114
New York, NY 10036
Telephone: (646) 762-1080

*Attorneys for Plaintiff Kendall Carnahan*