UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENDALL CARNAHAN,

          Plaintiff,

          v.

BATON CORPORATION LTD, d/b/a
PUMP.FUN, ALON COHEN, DYLAN
KERLER, and NOAH BERNHARD HUGO
TWEEDALE,

          Defendants.

Case No. 1:25-cv-00490-CM-BCM

**DECLARATION OF PAUL FERGUSON
IN SUPPORT OF PLAINTIFF'S PROOF
OF SERVICE**

I, Paul Ferguson, declare as follows:

1.      I am a solicitor admitted to practice in England and Wales, and am a Partner of the law firm of Addleshaw Goddard LLP. My firm was retained by Wolf Popper LLP, counsel to the Plaintiff, Kendall Carnahan, in the above captioned action ("Action"), to assist in service of a summons and Complaint in the Action on defendants Baton Corporation Ltd, d/b/a Pump.Fun ("Baton"), Alon Cohen, Dylan Kerler, and Noah Bernhard Hugo Tweedale (collectively, "Defendants").

2.      I make this declaration in support of Plaintiff's Federal Rule of Civil Procedure 4(l)(2)(B) Notice of Service on Defendants pursuant to Rule 4(f)(2)(A).

3.      The United States and the United Kingdom are both signatories to The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). A true and accurate copy of the Hague Convention is attached to this Notice as **Exhibit 1**.

4.      Article 10(c) of the Hague Convention states that: "provided the State of destination does not object, the present Convention shall not interfere with . . . the freedom of any person

interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials, or other competent person of the State of destination."

5.      The United Kingdom, which is the "State of destination" in this matter, has not objected to interested persons effecting service directly through the judicial officers, officials, or other competent persons of the State of destination. In the United Kingdom, a solicitor admitted to practice in the jurisdiction falls within the definition of "competent person" under Article 10(c) of The Hague Convention, and a solicitor may retain a licensed process server to effect service.

6.      Addleshaw Goddard retained Tremark Associates Ltd, 1 Quality Court, London, WC2A 1HR, to perform the physical delivery of the summons and Complaint.

7.      On March 14, 2025, Addleshaw Goddard sent true and correct copies of the summons and Complaint in the Action to Tremark Associates by courier.

8.      Companies House (the United Kingdom's public Registrar of Companies) evidences that Defendant Baton's registered office address is 82a James Carter Road, Mildenhall, Bury St. Edmunds, England, IP28 7DE, United Kingdom. Companies House also lists 82a James Carter Road, Mildenhall, Bury St. Edmunds, England, IP28 7DE, United Kingdom as the registered correspondence address for each of the Individual Defendants. A true and accurate copy of information from Companies House concerning the registered office address of Baton and the registered correspondence address for each of the Individual Defendants is attached to this Declaration as **Exhibit 2.**

9.      Under the United Kingdom's Civil Procedure Rule ("CPR") 6.9.2, legal service of process may be made on a company registered in England and Wales, such as Baton, by delivering the relevant documents to the "principal office of the company; or any place of business of the

company within the jurisdiction which has a real connection with the claim". A true and accurate copy of CPR 6 is attached to this Declaration as **Exhibit 3**.

10.     Under CPR 6.3.10, legal service of process can be made on the director of a company under the provisions of the Companies Act 2006. Section 1140 of the Companies Act 2006 provides that legal service of process may be made on the director of a company, such as Defendants Alon Cohen, Dylan Kerler, and Noah Bernhard Hugo Tweedale, by leaving the relevant documents at, or sending the relevant documents by post to, the director's registered address. Pursuant to Section 1140(4) of the Companies Act 2006, a director's registered address is "any address for the time being shown as a current address in relation to that person in the part of the register available for public inspection", i.e. Companies House.  A true and accurate copy of Section 1140 of the Companies Act 2006 is attached to this Declaration as **Exhibit 4.**

11.     On March 19, 2025, Addleshaw Goddard was informed by Ben Mansell of Tremark Associates that Barry Parker, a process server agent of Tremark Associates Ltd, served the summons and Complaint on all Defendants at 82a James Carter Road, Mildenhall, Bury St. Edmunds, England, IP28 7DE, United Kingdom on March 18, 2025 by leaving all of the documents at that address.

12.     On April 07 2025, Mr. Parker provided Addleshaw Goddard with a Certification detailing his service of the summons and Complaint on the Defendants.  A true and accurate copy of Mr. Parker's Certification is attached to this Declaration as **Exhibit 5.**

13.     Under CPR 6.26, a document other than a claim form which is served in the United Kingdom in accordance with the CPR by delivering the document to or leaving it at a permitted address is deemed to be served as follows: "If it is delivered to or left at the permitted address on

a business day before 4:30p.m., on that day; or in any other case, on the next business day after that day".

14.    As evidenced by the Certification provided by Mr. Parker, the summons and Complaint were left at the registered address of Baton at 16:35 on March 18, 2025.  Accordingly, the summons and Complaint were deemed served on Baton on March 19, 2025.

15.    Under CPR 6.14.4, where a document is served as permitted by the Companies Act 2006 as opposed to the CPR 6, the deemed service provisions of the CPR do not apply.  It follows that the summons and Complaint were served as permitted by the Companies Act 2006 on the Defendants Alon Cohen, Dylan Kerler, and Noah Bernhard Hugo Tweedale on March 18, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 07, 2025.

_____

Paul Ferguson